# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TAMMI L., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | No. C20-3046-LTS <br><br> **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. Doc. 32. Judge Mahoney recommends I affirm the decision of the Commissioner of Social Security (the Commissioner) denying the application by plaintiff Tammi L. (the Claimant) for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.[1] The Claimant filed timely objections (Doc. 33). The Commissioner has not filed a response.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends federal courts refer to claimants only by their first names and last initials because of the privacy concerns social security cases present.

might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ [Administrative Law Judge], but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence detracting from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

If after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

*B.     Review of Report and Recommendation*

A district judge reviews a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

3

## III. THE R&R

The Claimant first applied for disability benefits on April 28, 2017, alleging she became disabled after losing her job as a part-time hospice nurse on March 24, 2017. The Claimant had been suffering from various mental health issues since at least 2015, including anxiety and depression, and these issues were the basis of her claim. The Social Security Administration denied her initial application on May 17, 2017, as the Claimant was working as an in-home respite care provider for a family member on the weekends and her gross earnings ($780 every two weeks) met the threshold to qualify as substantial gainful activity (SGA).

The Claimant reapplied for benefits on July 10, 2017, alleging a disability onset date of June 1, 2017. Her application showed her earnings dropped immediately after her first application was denied, as her second application showed gross earnings of $520 every two weeks while providing the same care. This second application was denied on initial review based on a finding that the Claimant's mental impairments were not severe. On reconsideration, the application was denied on grounds that despite having severe mental impairments, the Claimant was not so limited that she could not work.

The Claimant requested review by an ALJ. After conducting a hearing, the ALJ found the Claimant to be disabled. However, the Appeals Council granted sua sponte review in August 2019 and ultimately reversed the ALJ's decision on July 28, 2020, finding there was not substantial evidence to support that decision.

The first issue Judge Mahoney addressed is which decision (the ALJ's or the Appeals Council's) the court must review under the substantial evidence standard. The Claimant argues that the court must affirm the ALJ's decision (and thus reverse the Appeals Council's decision) if the ALJ's decision was supported by substantial evidence. The Commissioner argues that the court must affirm the Appeals Council's decision if it was supported by substantial evidence. Judge Mahoney found that because the Appeals Council's decision is the final decision of the Commissioner, it is the decision that is owed deference under the substantial evidence standard. Doc. 32 at 5 (citing *Grace v.*

4

*Sullivan*, 901 F.2d 660, 662 (8th Cir. 1990); *see also* 20 C.F.R. §§ 404.981, 422.210(a)). Judge Mahoney noted that every circuit court to address the issue, including the Eighth Circuit, has held a claimant may not challenge the Appeals Council's finding that an ALJ's decision was not supported by substantial evidence. *See* Doc. 32 at 6 (gathering cases). For this reason, concluded that it is the Appeals Council's decision that is owed deference on judicial review. *Id*.

Judge Mahoney next addressed whether the Appeals Council's decision was supported by substantial evidence. The Council found the Claimant had engaged in SGA during the time since she alleged her disability began and, therefore, was not disabled. The primary consideration in whether a claimant engaged in SGA is the claimant's earnings. Doc. 32 at 6 (citing 20 C.F.R. § 404.1574(a)(1)). For the relevant time period, monthly earnings exceeding $1,170 in 2017, $1,180 per month in 2018 and $1,220 in 2019 were presumptively considered to constitute SGA. Doc. 32 at 6-7 (citing 20 C.F.R. § 404.1574(b)). The Council found that while the earnings listed on the Claimant's second application—an average of $1,040 monthly—were under those limits, she was nonetheless engaged in SGA. Judge Mahoney noted that the Council considered information in addition to the Claimant's earnings, such as that she was employed by a family member and immediately reduced her earnings after her first application was denied. Doc. 32 at 8. Further, Judge Mahoney recognized that "[the Claimant] testified that she actually works 48 or 50 hours every two weeks—which at $13 an hour, would bump her work over the substantial gainful activity threshold (48 hours x $13/hour x 2 = $1,248 monthly)." Doc. 32 at 8.

Finally, Judge Mahoney considered whether the Claimant performed her respite-care work under special conditions such that it did not constitute SGA. She noted that the Commissioner's regulations provide that work done under special conditions includes the following:

> (1) You required and received special assistance from other employees in performing your work;

5

(2) You were allowed to work irregular hours or take frequent rest periods;

(3) You were provided with special equipment or were assigned work especially suited to your impairment;

(4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;

(5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or

(6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

Doc. 32 at 8-9 (citing 20 C.F.R. § 404.1573(c)). While the Claimant's job involved providing care for a family member, Judge Mahoney found that substantial evidence supports the Appeals Council's conclusion that the work was not performed under special conditions. *Id*. at 9-10.

Judge Mahoney also observed that the Claimant's work was consistent with the Dictionary of Occupational Titles (DOT) description of a home aide:

> Cares for elderly, convalescent, or handicapped persons in patient's home, performing any combination of following tasks: Changes bed linens, washes and irons patient's laundry, and cleans patient's quarters. Purchases, prepares, and serves food for patient and other members of family, following special prescribed diets. Assists patients into and out of bed, automobile, or wheelchair, to lavatory, and up and down stairs. Assists patient to dress, bathe, and groom self. Massages patient and applies preparations and treatments, such as liniment or alcohol rubs and heat-lamp stimulation. Administers prescribed oral medications under written direction of physician or as directed by home care nurse. Accompanies ambulatory patients outside home, serving as guide, companion, and aide. Entertains patient, reads aloud, and plays cards or other games with patient. Performs variety of miscellaneous duties as requested, such as obtaining household supplies and running errands. May maintain records of services performed and of apparent condition of patient. May visit several households to provide daily health care to patients.

Doc. 32 at 10 (citing DOT § 354.377-014).[2]  For all of these reasons, Judge Mahoney found that substantial evidence supports the Appeals Council's denial of benefits on grounds that the Claimant was engaged in substantial gainful activity. *Id*. at 11.  Judge Mahoney thus recommends that I affirm the ALJ's decision and enter judgment in favor of the Commissioner. *Id*.

## IV. DISCUSSION

In her objections, the Claimant argues (1) Judge Mahoney erroneously gave deference to the Appeals Council's decision, as opposed to the ALJ's decision, and (2) the Appeals Council's decision is not supported by substantial evidence.

As to the first objection, the Claimant suggests that if the Appeals Council's decision to review a determination is not subject to judicial review, that "effectively allows the [Council] to arbitrarily review and then reverse any decision it does not like." Doc. 33 at 4.  This argument is both overwrought and contrary to the law.  The Eighth Circuit has made it clear that "[t]he Appeals Council's decision, rather than the ALJ's decision, constitutes the final decision of the Secretary and is the only decision subject to review by this court." *Grace*, 901 F.2d 660, 662 (8th Cir. 1990).  As Judge Mahoney noted, every circuit court to address the issue has held a claimant may not challenge the Appeals Council's finding that an ALJ's decision was not supported by substantial evidence. Doc. 32 at 5-6.  The statutory language itself makes it clear that judicial review invokes review of a "final decision of the Commissioner of Social Security," not of the various intermediate steps that may have preceded that final decision. *See* 42 U.S.C. § 405(g).  Thus, it is this court's role to determine if substantial evidence supports the Commissioner's final decision.  The Claimant's first objection must be overruled.

---

[2] Judge Mahoney also noted that the Claimant was qualified to perform this kind of work, as she has a nursing degree. *Id*.

As for the second objection, the Claimant argues that the Appeals Council's finding that she performed substantial gainful activity is not supported by substantial evidence, as her earnings dropped below the presumptive SGA level. Doc. 33 at 4. Based on my de novo review, I agree with Judge Mahoney that this argument fails. While the Claimant's earnings are an important consideration in determining whether she was engaged in SGA, it is not the only consideration. Immediately after the Claimant lost her job as a hospice nurse, she continued to engage in SGA until her first application was denied. It was only after that denial that her earnings suddenly dropped below the level warranting a presumption of SGA. While the Claimant states that she reduced her hours, which warranted the drop in pay, if she was paid in accordance with the hours she worked her earnings would have remained above the presumptive SGA level.

In addition, I agree with Judge Mahoney that the Claimant's duties in the course of providing care for her great-niece were consistent with the DOT description of a home health care aide and that the work was not performed under special conditions. The Claimant was qualified to perform the work, as she has a nursing degree, and provided the work as needed without requiring her own accommodations. Because substantial evidence supports the Appeals Council's determination that the Claimant's work as a home health aide constituted substantial gainful activity, her second objection must be overruled.

## V. CONCLUSION

For the reasons set forth herein:

1. Plaintiff's objections (Doc. 33) to the Report and Recommendation (Doc. 32) are **overruled**.

2. I **accept** the Report and Recommendation **without modification**. *See* 28 U.S.C. § 636(b)(1).

3. Pursuant to Judge Mahoney's recommendation:

   a. The Commissioner's disability determination is **affirmed**; and

b. Judgment shall enter against plaintiff and in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 14th day of September, 2022.

_____
Leonard T. Strand, Chief Judge